IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

**FILED**

DEVENE SCROGGINS,                )
                                 )
    Plaintiff/Appellee,          ) Maury Circuit No. 7766
                                 )
VS.                              ) Appeal No. 01A01-9811-CV-00580
                                 )
CHARITY L. GOSS,                 )
                                 )
    Defendant/Appellant.         )

**July 14, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF MAURY COUNTY
AT COLUMBIA, TENNESSEE
THE HONORABLE JIM T. HAMILTON, JUDGE

**JOHN S. COLLEY, III**
**COLLEY & COLLEY**
Columbia, Tennessee
Attorney for Appellant

**PATRICK S. BUTLER**
Collinwood, Tennessee
Attorney for Appellee

**REVERSED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

    Charity L. Goss ("Goss" or "Appellant") appeals from the trial court's denial of Goss's

Motion to Dismiss the Complaint of Devene Scroggins ("Scroggins" or "Appellee").

## I. Factual and Procedural History

Scroggins filed a Complaint against Goss in the Maury County Circuit Court on August 1, 1997, exactly one year after the motor vehicle accident giving rise to her cause of action. That same day, Scroggins caused a summons to be issued, to be served on Goss along with a copy of the complaint.

On August 13, 1997, the summons was returned to the clerk's office and filed, indicating that Goss "moved six months ago, unable to locate at this address." No new summons was ever issued for Goss. However, on February 13, 1998, a document was filed with the clerk which made reference to service by publication. No affidavit or other order appears in the record allowing service by publication nor is there any proof of actual publication.

Goss filed a Motion to Dismiss the Complaint on August 5, 1998, based on the statute of limitations in light of Scroggins' failure to comply with the Tennessee Rules of Civil Procedure regarding service of process. In opposition to the motion, Scroggins asserted that when the summons was returned unserved, she caused the Circuit Clerk to issue an order directing a local newspaper to publish notice of the suit. Scroggins argued that the notice ran in the paper and, subsequently, agents representing Goss on at least three occasions contacted Scroggins' counsel and on one occasion discussed the pending case at length. Scroggins contended that publication was sufficient to meet the requirements of Rule 3 and 4 of the Tennessee Rules of Civil Procedure.

Goss argued that there is no authority that service by publication is a proper means of service under Rule 4. The Tennessee Code recognizes service by publication as effective in certain circumstances, but the statutes only apply to Chancery cases. Additionally, those code sections require a satisfactory affidavit and an order by the court

2

evidencing and finding that the appropriate circumstances lie for service by publication. The sections also require proof of service by publication, including an affidavit from the publishing newspaper with a copy of the ad as an attachment, be filed with the court. In the case at hand there is no affidavit and order demonstrating the appropriateness of service by publication, nor is there any affidavit proving that service by publication actually occurred. Goss asserted that, for all these reasons, service by publication was not proper and the statute of limitations ran on Scroggins' claim.

The Motion to Dismiss was heard on August 21, 1998 and denied. Permission was granted to Goss for an interlocutory appeal to this Court.

## II. Service by Publication

This case arises out of an auto accident in Columbia, Tennessee, on or about August 1, 1996, between Scroggins and Goss. Scroggins filed suit on August 1, 1997, within the one-year statute of limitations. *See* Tenn. Code Ann. §28-3-104(a). However, Scroggins was unable to obtain personal service on Goss and on August 13, 1997, the summons was returned to the clerk's office and filed indicating that Goss "moved six months ago, unable to locate at this address."

The rule governing commencement of actions is set forth in Rule 3 of the Tennessee Rules of Civil Procedure which provides as follows:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued or whether process be returned served or unserved. *If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.*

T.R.C.P. 3 (emphasis added).

3

Personal service was never achieved on Goss. On February 13, 1998, Scroggins caused the Circuit Clerk to issue an Order directing a local newspaper to publish notice of the suit. Goss filed a motion to dismiss the complaint of Scroggins on August 5, 1998, based upon the statute of limitations in light of Scroggins' failure to comply with Rule 3 of the Tennessee Rules of Civil Procedure regarding service of process. The issue before this Court is whether the notice by publication was sufficient for Scroggins to rely upon the original commencement to toll the running of the statute of limitations, as set forth in Rule 3.

If notice by publication did not constitute valid service in this situation, Goss's Motion to Dismiss should have been granted by the trial court. In the recent case of Pinson v. Tata, No. 02A01-9804-CV-00115, 1999 WL 167724, (Tenn.App. March 29, 1999), Pinson and Tata were involved in an automobile accident on July 25, 1992. On July 23, 1993, Pinson filed a negligence action against Tata within the one year statute of limitations. A summons was issued and after repeated attempts to serve Tata with process, the summons was returned. Tata was served with an alias summons on February 14, 1994. On February 3, 1995, the trial court entered an order quashing the alias summons and dismissing Pinson's complaint. Pinson filed a second complaint alleging the same facts and Tata filed a motion to dismiss the second complaint based upon the one-year statute of limitations and Pinson's failure to comply with T.R.C.P. 3.

In Pinson, this Court found that Pinson did not obtain new process within six months of the original process as required by Rule 3 at that time[1], nor did she refile the action

---

[1]Prior to 1995, T.R.C.P. 3 provided as follows:

> All civil actions are commenced by filing a complaint and summons with the clerk of court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or if process is not served or is returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of the statute of limitations unless the plaintiff either:
> (1) continues the action by obtaining issuance of new process within 6 months from the issuance of the previous process or, if no process is issued, within 6 months from the filing of the complaint and summons, or
> (2) recommences the action within 1 year from issuance of the original process or, if no process issued, within 1 year from the filing of the original complaint and summons.

4

within one year of the date that the original process was issued. This Court held that because Pinson did not comply with the requirements of Rule 3, she may not rely on the filing date of her original complaint for purposes of determining whether her action was filed within the applicable statute of limitations. Accordingly, Pinson's complaint was dismissed as it was not commenced within the applicable statute of limitations.

Based upon the language of Rule 3 and the applicable case law, Scroggins' complaint would be barred by the statute of limitations if she did not obtain valid service upon Goss within one year of the issuance of the previous process. However, Scroggins contends that the notice by publication constituted valid service and Scroggins thus complied with Rule 3. Scroggins asserts that she may therefore rely upon the filing date of the original complaint for the purpose of determining whether her action was filed within the applicable statute of limitations.

Tennessee Code Annotated § 21-1-203(a) dispenses with personal service in a court of chancery where, among other reasons, the defendant is a non-resident, he cannot be found, his residence is unknown, or, if the defendant is a domestic corporation, it has ceased to do business and has no officers or agents on whom service may be had. To dispense with process in such cases, the facts must be stated under oath in the bill, or by separate affidavit, or appear by the return. Proof of service by publication is also required. *See* Tenn. Code Ann. §21-1-204(e).

Scroggins points to three statutes which authorize service by publication in circuit court: Tenn. Code Ann §29-18-115, authorizing service by publication in the instance of forcible entry and detainer; Tenn. Code Ann. §29-17-603, authorizing service by publication in cases of eminent domain; and Tenn. Code Ann. §21-1-101 which authorizes *any* court conducting equity proceedings to issue service by publication as if in chancery court. Scroggins contends that the above cited examples demonstrate that the circuit court can avail itself of service by publication. We believe the above statutes, which provide that

---

The statute was amended in 1995 to eliminate the language regarding recommencement of the action and to extend the reissuance period from six months to one year.

service by publication may be proper in certain instances, are further evidence that service by publication is not allowed in the absence of such authorization.

The case of Continental Ins. Co. v. Masters, No. 01A01-9206CH00254, 1993 WL 4856 (Tenn.App. Jan. 13, 1993) sheds further light on this issue. In Continental, the plaintiffs, Jimmy R. and Brenda Masters, filed a tort action against the defendants, Caruthers & Son, Inc, and obtained jurisdiction by personal service of process. The defendant's insurance carrier undertook the defense of the claim and the plaintiffs voluntarily dismissed the action. The Masters refiled their action in circuit court, but because the corporation's charter had been revoked in the meantime, the Masters were unable to personally serve any officer or agent of the corporation. Being unable to serve the defendant, the Masters obtained an order of publication which ran four weeks in the Nashville Record. The trial court ultimately entered a default judgment against the defendants in the amount of $100,000.00.

Continental Insurance Company filed an action in chancery court for a declaration that the judgment was void for lack of personal jurisdiction. The Masters insisted that the judgment against defendants was valid as the circuit court obtained jurisdiction by publication. In this contention, the Masters relied upon Tenn. Code Ann. §21-1-203(a) which dispenses with personal service in a court of chancery in certain circumstances. The Masters asserted that the statute applies to circuit and chancery courts alike because the Tennessee Rules of Civil Procedure now prescribe the same procedure for both courts. The Court of Appeals stated as follows:

> We think the appellant is mistaken. Tenn.R.Civ.Proc. 4.05 deals with constructive service and the comments to the rule make it clear that, unless specifically changed by the rules, "no changes in the statutes governing constructive service are intended." Therefore, in accordance with the rules, the statute does not apply to the circuit court.
>
> Beyond that obvious difficulty, however, is the notion that Tenn. Code Ann. §21-1-203 gives the court the power to render a purely personal judgment against a defendant where the only service is by publication. . . In other cases involving the general law (and not Tenn. Code Ann. §21-1-203 specifically) the courts have been equally definitive. "In actions purely personal [the defendant] is entitled to personal service

6

on himself, or on someone standing before the law as his proper representative; and no valid personal recovery can be had against him without such service. . ."

[I]n effect, the statute provides a means of giving notice to interested parties when the court is acting *in rem*. [citation omitted].

We are satisfied that even if Tenn. Code Ann. §21-1-203 could be applied in circuit court it would not give the court the power to enter a personal judgment against a defendant where the defendant was served by publication only.

Continental at *1, *2.

The Tennessee General Assembly has chosen to authorize the utilization of service by publication in certain specific instances. Such instances have been codified as statutes in the Tennessee Code. Nowhere in the Tennessee Code does the General Assembly authorize service by publication for civil negligence actions filed in circuit court. In the absence of such a statute, service by publication is not a valid method of achieving service upon a defendant.

Scroggins' attempt to achieve service upon Goss by publication was legally ineffective and therefore nothing was done to commence the lawsuit once the original summons was returned unserved. Accordingly, there has been no compliance with T.R.C.P. 3 and 4 and no tolling of the statute of limitations. This lawsuit must be dismissed and the decision of the trial court denying Goss' motion to dismiss must be reversed.

### III. Conclusion

The judgment of the trial court is hereby reversed. Costs of this appeal are taxed to Appellee, for which execution may issue if necessary._____

_____
HIGHERS, J.

CONCUR:

7

_____
FARMER, J.


_____
LILLARD, J.